**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONFAB SYSTEMS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>**

NOW COMES Plaintiff, Everest National Insurance Company ("Everest"), by and through its attorneys, and brings this Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 against Defendant, Confab Systems, Inc. ("Confab"), and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. Everest brings this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration of no insurance coverage in connection with the underlying lawsuit filed in Cook County, Illinois, styled *Maria Mastache v. Confab Systems, Inc. et al.*, Case No. 2025 L 5629 (the "Underlying Lawsuit"), and that Confab is bound by such declaration.

2. Confab filed a third-party complaint in the Underlying Lawsuit against Excel HR Services ("Excel HR") seeking contribution from Excel HR in the event a judgment is entered in favor of Plaintiff Maria Mastache ("Mastache") (the "Confab TPC").

3. Excel HR tendered the Underlying Lawsuit to its insurer, Everest, who declined coverage.

4. Excel HR executed a waiver agreement whereby Excel HR agreed there was no coverage under the Everest Policy with respect to the Underlying Lawsuit, including the Confab TPC, and Excel HR withdrew its request for coverage.

5. On April 24, 2026, Confab filed a motion for default judgment against Excel HR.

6. On May 20, 2026, Everest sent a letter to Confab advising of Everest's coverage position, Excel HR's execution of the waiver agreement, and stating that Everest intended to file a declaratory judgment action against Confab seeking a declaration of no coverage to preclude any attempts to enforce a judgment that Confab may obtain in connection with the Confab TPC against Everest.

7. Everest attached another proposed waiver agreement to the May 20, 2026 letter in the event that, like Excel HR, Confab wished to agree that there is no coverage under the Policy in lieu of a declaratory judgment action.

8. After several attempts by Everest to obtain a response to the May 20 letter, on July 7, 2026, Confab informed Everest that it was not interested in signing the proposed waiver agreement. Accordingly, an actual, justiciable controversy exists between the parties which is ripe for adjudication.

## THE PARTIES

9. Plaintiff Everest is a Delaware corporation with its principal place of business in Warren, New Jersey.

10. Defendant Confab is an Illinois corporation with its principal place of business in Posen, Illinois.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and

1332(c)(1), because there is complete diversity between the Plaintiff and Defendant, and the amount in controversy, exclusive of interest, exceeds $75,000.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides in this District and the alleged conduct giving rise to the Underlying Lawsuit for which Confab disputes coverage took place in this District.

## FACTUAL BACKGROUND

### A. *The Underlying Lawsuit*

13. On April 18, 2025, Mastache filed her original complaint in the Underlying Lawsuit.

14. On June 24, 2025, Mastache filed the operative Amended Complaint against Confab, among others. The Amended Complaint is attached hereto as **Exhibit 1**.

15. The Amended Complaint asserts three causes of action against Confab, including strict liability, negligence, and breach of implied warranty of merchantability under 810 ILCS 5/2-314. (Ex. 1).

16. The Underlying Lawsuit seeks relief for injuries Mastache allegedly sustained on July 10, 2023 while performing work on or around the CS-1 food processing and production line ("CS-1 line") at a Hearthside Food Solutions' facility. (Ex. 1, at ¶¶ 1-2).

17. Mastache alleges that she sustained personal injuries while working on the CS-1 line, when her smock, which was supplied by Hearthside Food Solutions ("Hearthside"), got caught in the conveyor belt and her hand was pulled into an unprotected pinch point. (Ex. 1, at ¶¶ 3-5).

18. Mastache alleges that Confab designed and manufactured the conveyor belts used on the CS-1 line. (Ex. 1, at ¶ 9).

19. The Amended Complaint alleges that Mastache was employed by and working for Excel HR at the CS-1 line at Hearthside's facility. (Ex. 1, at ¶ 2).

20. The Amended Complaint does not contain any allegations that Excel HR was negligent, nor does it name Excel HR as a direct defendant. (Ex. 1).

21. On March 4, 2026, Confab filed the Confab TPC against Excel HR in the Underlying Lawsuit. A copy of the Confab TPC is attached hereto as **Exhibit 2**.

22. The Confab TPC alleges that Excel HR was Mastache's lending employer; that the injuries occurred while Mastache was acting within the scope of her employment and/or agency relationship with Excel HR; and that Excel HR had a duty of care in the hiring, training, provision, and retention of employees such as Mastache, including that they act within the scope of their employment. (Ex. 2, at ¶¶ 9-12).

23. The Confab TPC also alleges that Excel HR failed to properly train or educate Mastache; failed to adequately equip Mastache to perform her duties; failed to screen or vet Mastache for her fitness in providing the job duties while at the facility; failed to ensure that Defendant Hearthside, which ran the facility and was Excel HR's client, would provide a safe and suitable work place; failed to ensure that Hearthside would provide safe work equipment and uniforms, failed to screen or vet Hearthside as a safe and responsible employer before lending Mastache to Hearthside, or was otherwise negligent in serving as Mastache's employer. (Ex. 2, at ¶ 13).

24. The Confab TPC seeks contribution from Excel HR in the event a judgment is entered in favor of Mastache pursuant to the Joint Tortfeasors Contribution Act (740 ILCS 100/0.01 *et seq*.). (Ex. 2, ¶ 14).

**B. *The Everest Policy***

25. Everest issued Commercial General Liability Policy No. 91GL000378-231, to named insured, Excel HR Services Corp, for the Policy Period of March 2, 2023 to March 2, 2024 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit 3** (with premium information redacted).

26. The Policy contains an Employer's Liability Exclusion by endorsement, form number ECG 21 810 03 17, which excludes coverage, in pertinent part, for the following:

> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> **(1)** An "employee" of an insured, arising out of and in the course of:
>
> **(a)** Employment by an insured; or
>
> **(b)** Performing duties related to the conduct of the insured's business; or….
>
> This exclusion applies whether an insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Ex. 3, at EVEREST_000070).

27. The Policy's Staffing Industry Coverage Endorsement, form number ECG 04 780 08 16, amends the definition of "employee" to include any "leased worker" and "staffing services worker." (Ex. 3, at EVEREST_000056-57).

28. The Policy's Staffing Industry Coverage Endorsement, form number ECG 04 780 08 16, also defines "staffing services worker" as "a person who is furnished by [the insured] to [its] client to perform the duties to which [the insured] ha[s] agreed." (Ex. 3, at EVEREST_000057).

**C. *Everest's Coverage Communications***

29. On or around March 18, 2026, Excel HR tendered the Confab TPC to Everest.

30. On March 26, 2026, Everest provided Excel HR with a written coverage position stating there was no coverage under the Policy pursuant to the Employer's Liability Exclusion and requested Excel HR consider executing a waiver agreement to obviate the need for Everest to file a declaratory judgment action confirming its coverage denial.

31. On March 30, 2026, Excel HR executed and returned the waiver agreement whereby Excel HR withdrew its request for coverage related to the Underlying Lawsuit and acknowledged and agreed that there was no coverage for the Underlying Lawsuit under the Policy, including for any counterclaims, cross-claims, or third-party complaints. A copy of Excel HR's executed waiver agreement is attached as **Exhibit 4**.

32. The acknowledgement of no coverage in the waiver agreement expressly included Confab's claim against Excel HR.

33. On April 24, 2026, Confab filed a motion for default judgment against Excel HR, which remains pending.

34. On May 5, 2026, Excel HR provided Everest a copy of Confab's motion for default judgment.

35. On May 20, 2026, Everest sent a letter to Confab advising of Everest's coverage position, Excel HR's execution of the waiver agreement, and stating that Everest intended to file a declaratory judgment action against Confab seeking a declaration of no coverage to preclude any attempts to enforce a judgment against Everest in the Underlying Lawsuit.

36. Everest attached another proposed waiver agreement to the May 20, 2026 letter in the event that, like Excel HR, Confab wished to agree that there is no coverage under the Policy and avoid a declaratory judgment action.

37. On July 7, 2026, Confab informed Everest that it was not interested in signing the proposed waiver agreement. Thus, Everest is forced to file this suit.

**COUNT I – DECLARATORY JUDGMENT**
**(No Coverage under the Policy)**

38. Everest incorporates and restates its allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. In order to bind Confab to its coverage determination, Everest must seek a declaratory judgment against Confab. *Williams v. Madison County Mut. Auto. Ins. Co.*, 40 Ill.2d 404 (1968).

40. Because Confab refused to acknowledge Everest's coverage determination, an actual case or controversy exists between Everest and Confab concerning the availability of coverage under the Policy for the Underlying Lawsuit.

41. The Policy's Employer's Liability Exclusion precludes coverage for allegations of bodily injury to an employee of Excel HR arising out of or in the course of their employment, including whether Excel HR is liable as an employer or in any other capacity and to any obligation of Excel HR to share damages with or repay someone else who must pay damages because of the injury.

42. The Underlying Lawsuit, including the Confab TPC, alleges that on July 10, 2023, at all times relevant to this matter, Mastache was employed by and working for Excel HR at the CS-1 line at the Hearthside facility. (Ex. 1, ¶ 2; Ex. 2, ¶ 7).

43. Mastache is therefore an "employee" under the Policy either as a "leased worker" or "staffing services worker."

44. Mastache alleges she was physically injured at the Hearthside facility as a result of acts or omissions of Confab, among other defendants.

45. The Confab TPC alleges that Confab is entitled to contribution from Excel HR to the extent Confab is held liable for Mastache's bodily injuries.

46. Accordingly, the Underlying Lawsuit, including the Confab TPC, seeks damages for bodily injury to an employee of Excel HR that are excluded from coverage under the Policy's Employer's Liability Exclusion.

47. Accordingly, Everest has no duty to defend or indemnify Excel HR in the Underlying Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Everest National Insurance Company, respectfully requests that this Court find in its favor and enter judgment as follows:

(a) Judicial declaration that the Everest Commercial General Liability Policy No. 91GL000378-231 does not afford coverage to Excel HR for the Underlying Lawsuit;

(b) Judicial declaration that Confab is bound by this coverage determination and is precluded from any attempts to enforce a judgment against Everest in the Underlying Lawsuit;

(c) Any further relief that this Court deems just and equitable under the circumstances.

**DATED: August 19, 2026**

EVEREST NATIONAL INSURANCE COMPANY

/s/ Fred L. Alvarez
One of Its Attorneys

Fred L. Alvarez
Kevin A. Lahm
Alexandra Schroeder
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Fax: (312) 244-6800
falvarez@walkerwilcox.com
klahm@walkerwilcox.com
aschroeder@walkerwilcox.com

Attorneys for Plaintiff Everest National Insurance Company